1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTINEZ LEE KILGORE,<br><br>      Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | CASE NO. C16-0995RSM<br><br>ORDER GRANTING PETITIONER'S<br>MOTION UNDER 28 U.S.C. § 2255 |

14

## I.  INTRODUCTION

15

16

17

18

19

20

21

22

23

  Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence.  Dkt. #1.  Petitioner Martinez Lee Kilgore challenges the 156-month sentence imposed on him by this Court following his conviction for Possession of Cocaine Base with Intent to Distribute, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii). *Id.* at 1.  Petitioner challenges his sentence on the basis that the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) (cited by the Government as *Johnson II*), applies retroactively to his case and requires that the Court resentence him under a different Guideline range calculation.  After full consideration of the record, and for the reasons set forth below, the Court GRANTS Mr. Kilgore's § 2255 motion.

24

## II.  BACKGROUND

On March 28, 2007, Mr. Kilgore entered a plea agreement to plead guilty to the charge of Possession of Cocaine Base with Intent to Distribute in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(iii).  Case No. 2:07-CR-00112-RSM, Dkts. #15 and #17.   Mr. Kilgore's sentencing took place on June 29, 2007.   Case No. 2:07-CR-00112-RSM, Dkt. #24.   The defense requested 156 months.  Case No. 2:07-CR-00112-RSM, Dkt. #21 at 1.  The Probation Office calculated Mr. Kilgore's sentencing guideline at 262 to 327 months.  *Id.* at 2.   The Government initially requested the same, 262 to 327 months.  Case No. 2:07-CR-00112-RSM, Dkt. #19 at 1.  At sentencing, the Government informed the Court that the parties had agreed to a sentence of 156 months.  Case No. 2:07-CR-00112-RSM, Dkt. #43 at 5. The Government stated that "whether or not he was going to be a career offender…. was all part of the process that myself and counsel undertook in negotiating this case."  *Id.* at 4-5.  The sentencing briefing submitted by the Government and Mr. Kilgore indicate that they considered the following crimes as influencing whether or not Mr. Kilgore could qualify to be a career offender:

| Cause Number | Crime | Date of Crime | Date of Sentence | Sentence |
|---|---|---|---|---|
| 95-1-03681-0 | VUCSA – Poss. Cocaine | 9/1/94 | 8/11/95 | 15 days |
| 96-C-07539-2 | Robbery – 1st Degree | 8/22/96 | 3/07/97 | 126 months |
| 96-1-07188-5 | Assault – 2nd Degree | 10/23/96 | 3/06/97 | 29 months |
| | Residential Burglary | | | 20 months |
| | Reckless Endangerment | | | 48 months |

Case No. 2:07-CR-00112-RSM, Dkt. #19 at 2. The briefing did not describe the details of the Second Degree Assault conviction.  The Government argued "[c]learly, Mr. Kilgore's

convictions for Robbery in the First Degree and Assault in the Second Degree qualify as 'crimes of violence.'" *Id.* However, the Government and Mr. Kilgore agreed to a 156-month plea agreement and presented that to the Court rather than asking the Court to calculate a sentence given the above and other information.[1]   The Government stated this in their sentencing brief: "[a]t the time of the plea, the parties believed that this resolution struck the proper balance between the possible outcomes had the parties litigated the 'career offender' issue…" *Id.* Faced with the plea agreement, the Court calculated a total offense level of 34, criminal history category six, but concluded "it's an 11(c)(1)(C)." *Id.* at 15-17. The Court "accepted the plea and the agreement of the parties" and imposed 156 months in custody. *Id.* The Court imposed seven additional conditions upon release recommended by Probation. *Id.* at 18. The Court did not impose a monetary fine. *Id.* at 17. There was no appeal.

On June 24, 2016, based on the U.S. Supreme Court decisions in *Johnson*, *supra*, and *Welch v. United States*, __ U.S., __, 136 S. Ct. 1257 (2016), Mr. Kilgore filed the instant motion. Dkt. #1.

### III.  DISCUSSION

**A. Legal Standard**

A  motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the  maximum authorized by law.  A petitioner seeking relief under § 2255 must file his motion with the one-year statute of limitations set forth in § 2255(f).  That section

---

[1] The Government noted in their Sentencing Memorandum that "[s]ince the offense involved greater than 50 grams of cocaine base it carried a mandatory minimum term of imprisonment of 120 months (10 years) that could have been enhanced to 240 months (20 years) with the filing of a special information alleging Mr. Kilgore's prior drug conviction." Case No. 2:07-CR-00112-RSM, Dkt. #19 at 3 n.2.

1   provides, *inter alia,* that a motion is timely if it is filed within one year of the underlying

2   judgment or "the date on which the right asserted was initially recognized by the Supreme

3   Court, if that right has been newly recognized by the Supreme Court and made retroactively

4   applicable to cases on collateral review." § 2255(f).

5   **B. Mr. Kilgore's Motion**

6       As noted above, Petitioner's motion to vacate cites the Supreme Court's decision in

7   *Johnson v. United States*, *supra*.   In *Johnson*, the Supreme Court ruled on a section of the

8   Armed Career Criminal Act ("ACCA") known as the "residual clause," which provided a

9   definition of "violent felony."   Under the ACCA, a defendant convicted of being a felon in

10  possession of a firearm faces a mandatory minimum sentence of 15 years if he has three prior

11  convictions for "violent felonies."  18 U.S.C. § 924(e)(1). The ACCA residual clause provided

12  that a violent felony was one that "otherwise involves conduct that presents a serious potential

13  risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).   In *Johnson*, the Supreme

14  Court held that this clause was "unconstitutionally vague."  135 S. Ct. at 2557.  In doing so, the

15  Court necessarily found the clause "vague in all its applications," *id.* at 2561, and concluded

16  that "[i]ncreasing a defendant's sentence under the clause denies due process of law," *id.* at

17  2557.    Subsequently, in *Welch v. United States*, the Court held that *Johnson* applies

18  retroactively to defendants whose sentences were enhanced under the ACCA's residual clause.

19  136 S. Ct. at 1265.

20      In the instant matter, Petitioner was not sentenced as a career offender under the ACCA.

21  Rather, he was sentenced under the United States Sentencing Guidelines ("USSG" or

22  "Guidelines").  In addition to other factors, USSG § 4B1.1(a) provides that a "defendant is a

23  career offender if… the defendant has at least two prior felony convictions of either a crime of

24

violence or a controlled substance offense" and the "instant offense of conviction is a felony

that is… a controlled substance offense." USSG § 4B1.2(a) defines "crime of violence" as "any

offense under federal or state law, punishable by imprisonment for a term exceeding one year

that (1) has as an element the use, attempted use, or threatened use of physical force against the

person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of

explosives, or otherwise involves conduct that presents a serious risk of physical injury to

another."   USSG § 4B1.2(a)(1) is often referred to as the "elements clause" or the "force

clause." Burglary, arson, extortion, and explosives offenses, if they fit the definition of the

federal generic crime, are considered the "enumerated offenses." The last clause of §

4B1.2(a)(2) is often referred to as the "residual clause."

The Guidelines include in its definition of "crime of violence" a sentence identical to

the ACCA residual clause.  *See* USSG § 4B1.2(a)(2) (providing that a "crime of violence

means any offense…[that] otherwise involves conduct that presents a serious potential risk of

physical injury to another"); *see also United States v. Spencer*, 724 F.3d 1133, 1138 (9th Cir.

2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony'

[as defined in the ACCA] and 'crime of violence' [as defined in § 4B1.2(a)(2) of the

Sentencing Guidelines] for purposes of interpreting the residual clause[s]").  Thus, Petitioner

now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that it

was unconstitutional under *Johnson* and *Welch*, and that his sentence is no longer appropriate.

In response, the Government argues that Petitioner waived his ability to collaterally attack his

sentence, that Petitioner's claim is untimely or otherwise procedurally barred, that the *Johnson*

holding does not apply retroactively to Guidelines sentences, and that even if Petitioner had a

valid *Johnson* claim, it is without merit because he cannot prove the Court relied on USSG §

1  4B1.2's residual clause to find his convictions were a qualifying Career Offender predicates.

2  Dkt. #9 at 4-5.

3  **C. Retroactivity of *Johnson* to Guidelines Cases**

4        As an initial matter, this Court has previously rejected the Government's nearly

5  identical retroactivity and applicability arguments in at least one prior *Johnson* case.  *See*

6  *Parker*, Case No. C16-0534RSM, Dkt. #21 at 5-12.  In *Parker,* the Court concluded that *Reina-*

7  *Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011) "provides strong support for

8  concluding that the rule is to be treated as substantive regardless of the context" and that "even

9  in a Guidelines challenge, the rule is substantive and *Teague's* retroactively bar does not

10  apply."  *Id.* at 12 (referring to *Teague v. Lane*, 489 U. S 288, 109 S. Ct. 1060, 103 L. Ed. 2d

11  334 (1989)).  The Court will not deviate from that prior ruling, and concludes that *Johnson*'s

12  holding applies retroactively to Guidelines sentences including the one imposed in the instant

13  matter.

14  **D. Timeliness and Procedural Bars**

15        The Government argues that Petitioner's motion is untimely because it was filed more

16  than one year after judgment and because Petitioner's arguments are not based on *Johnson* but

17  on other prior cases, including *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Dkt. #9 at 7-

18  8.  The Government further argues that Petitioner failed to dispute at sentencing that his prior

19  convictions satisfied USSG § 4B1.2's definition of a crime of violence, and that this renders

20  Petitioner's current claims procedurally defaulted unless he can "show both (1) 'cause' excusing

21  his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he

22  complains."  Dkt. #9 at 17 (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)).

23

24

ORDER GRANTING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 6

1    On Reply, Petitioner states plainly that he "is not making affirmative claims based on

2  *Descamps* or other non-*Johnson* cases." Dkt. #10 at 4 n.1.  Petitioner argues that even if the

3  Court finds procedural default, it does not foreclose relief because Petitioner can show cause and

4  actual prejudice.  *Id.* at 3.  Petitioner argues that the "cause" prong is satisfied when the legal

5  basis of a claim is unavailable to a petitioner at the time of the filing of the direct appeal.  *Id.*

6  (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Reed v. Ross*, 468 U.S. 1, 15 (1984)).

7  Petitioner argues that prior to the change in law brought about by *Johnson*, his current void-for-

8  vagueness claim was not reasonably available to him.  *Id.* (citing *Reed*, 468 U.S. at 17).

9  Petitioner argues that the Government "does not contest prejudice, the second prong of test

10 excusing procedural default."  *Id.* at 4 (citing Dkt. #9 at 17).  Petitioner argues that his new

11 Guideline range, without the Career Offender status, would be substantially lower than the range

12 presented at sentencing.  *Id*. at 5.

13    The Court agrees with Petitioner that his *Johnson* claim was not previously reasonably

14 available to him and that it resulted in actual prejudice.  Accordingly, Petitioner has overcome

15 the procedural bar set forth by the Government.  The Court further finds that Petitioner's Motion

16 is not untimely because it relies on the new substantive rule announced in *Johnson* and because it

17 was filed within the one-year time limit for that case.[2]

18    //

19    //

20

---

21

22 [2] The Court notes the supplemental briefing from the Parties regarding this Court's decision in *Williams v. United States*, C16-0939RSM, Dkt. #12 (Oct. 11, 2016).  *See* Dkts. #11 and #12.  The Court agrees with Petitioner that this

23 case is factually and legally distinct from *Williams*.  In *Williams*, the petitioner's sole argument that his sentencing was predicated on *Johnson* error was that, given the presence of the residual clause, he had no reason to challenge his predicates, which he argued are not crimes of violence under current law.  The record in this matter shows that the parties and the Court actually relied on the residual clause in determining an appropriate sentence.  Furthermore,

24 Petitioner in this matter has cited different, on-point case law to convince the Court to grant this Motion.

ORDER GRANTING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 7

**E.  Waiver via Plea Agreement**

Petitioner's Motion acknowledges that his plea agreement contained a waiver of the right of collateral review, but argues that "a prospective waiver of the right of collateral review in a plea agreement is invalid where the district court imposes an 'illegal sentence,' defined as a sentence that 'exceeds the permissible statutory penalty for the crime or violates the Constitution.'"  Dkt #1 at 24 (citing *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); *Gilbert v. United States*, Case No. C15-1855-JCC, Dkt. # 19 (June 23, 2016) (citing *Bibler* and concluding that waiver was invalid because Gilbert's sentence was illegal under *Johnson*.")). Petitioner argues that his sentence was calculated on the basis of two prior crimes of violence in violation of his due process rights under the Fifth Amendment, and thus the collateral appeal waiver cannot be enforced.  *Id.*

In Response, the Government states that "[i]nsofar as Kilgore is raising a genuine constitutional claim under *Johnson II*, the government agrees it is not barred by his collateral review waiver."  Dkt. #9 at 16-17. The Government states that "a claim alleging a *Johnson II* error occurred at sentencing survives this waiver under the unconstitutional/illegal sentence exception to such waivers."  *Id.* at 17 (citing *United States v. Torres*, ___ F.3d ___, 2016 WL 3770517, at *9 (9th Cir. July 14, 2016)).  The Government contends, however, that Petitioner is not raising a genuine *Johnson* claim, but rather overbreadth and divisibility arguments based on prior case law.

Because the Court concludes that Petitioner raises a valid constitutional claim under *Johnson* rather than prior law, the Government's arguments for waiver via plea agreement are moot.

**F.  The Merits of the Petition**

Petitioner begins by noting that the Government Sentencing Memorandum states that Mr. Kilgore qualified as a career offender based on only two prior convictions—robbery in the first degree and assault in the second degree.  Dkt. #1 at 2.  Petitioner argues that his first degree robbery conviction does not qualify as a crime of violence because it is not an enumerated offense and it does not fall within the terms of the force clause.  *Id.* at 9.  Specifically, Petitioner argues that "a violation of the robbery statute does not require violent force," that "Washington robbery criminalizes the taking of property by fear of injury or constructive force," and that the Washington robbery statute "allows the force element to be met by fear of injury to property rather than injury to a person."  *Id.* at 10.  Petitioner argues that \ federal district courts in the Washington have already held that Washington first degree robbery is not a violent felony.  *Id.* at 9-10 (citing *United States v. Packer*, 2016 WL 1253870, at *4 (E.D. Wash. Mar. 8, 2016); *United States v. Ellingsworth*, No. CR09-6055-WFN, 2016 WL 1253821, at *4 (E.D. Wash. Mar. 8, 2016); *United States v. Navarro*, No. CR10-2104-RMP, 2016 WL 1253830, at *6 (E.D. Wash. Mar. 10, 2016); *United States v. Perryman*, Case No. CR15-241-RSL (W.D. Wash. June 10, 2016)).  Petitioner argues that his Second Degree Assault conviction does not qualify as a crime of violence because the applicable state statute is overbroad, indivisible, and can be violated in a way that does not qualify under the force clause.  *Id.* at 14-16 (citing cases). Petitioner argues that his state residential burglary conviction does not qualify under the enumerated clause because it is not a categorical match for generic burglary.  *Id.* at 17-18 (citing cases).  Petitioner argues that Washington residential burglary is not a crime of violence under the force clause because the statute contains no force element at all.  *Id.* at 18.

The Government argues that, even if the Court were to conclude that Petitioner's arguments based on *Johnson* were not time-barred and procedurally defaulted, and also that

1   *Johnson* applied retroactively in the present context, Petitioner's motion would still fail on the

2   merits "because Kilgore cannot show the Court relied on USSG § 4B1.2(a)(2)'s residual clause

3   to find that his convictions qualified as a crimes of violence." Dkt. #9 at 32.  The Government

4   argues that Petitioner must show that the Court "relied exclusively" on the residual clause in

5   ruling that his convictions were crimes of violence.  *Id.*  at 33 (citing *Stanley v. United States*, __

6   F.3d__, 2016WL3524183, at *2-3 (7th Cir. June, 27, 2016); *In re Hines*, 825 F.3d 1297,

7   2016WL3342668, *5 (11th Cir. June 15, 2016)).  The Government next argues that Petitioner's

8   Washington convictions for robbery and second degree assault nonetheless qualify as crimes of

9   violence.  *Id*.  The Government relies on the offenses listed in Application Note 1 of the

10   Commentary to the Guideline, which includes robbery, to argue that robbery is an "enumerated

11   offense."  *Id.* at 39-40.   The Government argues that the assault conviction "categorically

12   qualifies" under the elements clause.  *Id.* at 32.  The government goes on to argue that Petitioner

13   was specifically charged with "intentionally assault[ing] [M.S.] with a firearm and deadly

14   weapon, to wit; a handgun," with specific reference to part of the statute dealing with assault

15   with a deadly weapon, RCW 9A.36.021(1)(c).  *Id.* at 49 (citing the Amended Information from

16   the prior state court criminal case).  Finally, the Government argues that even if these crimes did

17   not qualify as crimes of violence, Petitioner cannot establish any prejudice from the

18   unconstitutional sentencing because the Court did not rely on the Career Offender provision in

19   accepting the Rule 11(c)(1)(C) plea agreement and because Petitioner "would still be obligated

20   under the plea agreement to recommend a 156-month sentence" and any error would be harmless

21   because he is still bound by the terms of the plea agreement.  *Id.* at 33.

22       On Reply, Petitioner argues that once he has shown that the unconstitutional residual

23   clause infected the analysis of the sentencing, the government had the burden of showing that the

24

constitutional error was harmless on the basis that his "convictions nonetheless qualify under one of the two remaining clauses (force and enumerated) of § 4B1.2." Dkt. #10 at 14. Petitioner argues that he does not have the burden of demonstrating that the Court relied exclusively on the residual clause, as asserted by the Government. *Id.* (citing, *inter alia*, *Fugitt v. United States*, No. C16-5423-RBL, Dkt. #12 at 8 (W.D. Wash. Sept. 26, 2016); *United States v. Ellingsworth*, No. 2:09-CR-6055-WFN-1, 2016 WL 1253821, at *2 (E.D. Wash. Mar. 8, 2016)). Petitioner argues that "constitutional error directly infected Mr. Kilgore's sentencing because the Court imposed its crime-of-violence enhancements in a legal climate where Washington robbery and assault predicates clearly qualified as crimes of violence under the residual clause and did not qualify under other clauses." *Id.* at 16. Petitioner argues that "[t]he demand for a record showing this Court's explicit verbal reliance on the residual clause would also impose an arbitrary and unjust condition for relief." *Id.* Petitioner next addresses the two predicate crimes. Petitioner argues that "[d]espite the government's assertion, the robbery conviction is not an enumerated offense.... because the commentary to § 4B1.2 does not supplement the exclusive definition of a crime of violence in the text of § 4B1.2(a); rather, it provides 'application notes' interpreting the text of § 4B1.2(a)—including the now-unconstitutional residual clause invalidated by *Johnson*." *Id.* at 19. Petitioner argues that the Guidelines commentary "does not have freestanding definitional power" and only has force insofar as it interprets or explains a Guideline's text. *Id.* at 20 (citing, *inter alia*, *United States v. Landa*, 642 F.3d 833, 836 (9th Cir. 2011)). Petitioner points out that the reference to robbery in the commentary does not explain or interpret the four offenses enumerated in the text of § 4B1.2 because those are separate crimes. Petitioner argues that the assault and burglary convictions "may only serve as one prior crime of violence because they are not counted separately pursuant to U.S.S.G. §§ 4B1.2(c)(2) and

1   4A1.2(a)(2)(B)" and that "other courts have held that Washington first degree burglary does not

2   serve as a prior crime of violence." *Id.* at 25 n.11 (citing *United States v. Rios*, 2016 WL

3   4472996 (E.D. Wash. Aug. 12, 2016)).  Petitioner argues that there was actual prejudice because

4   his 156 month sentence based on a Guideline range of 262 to 327 months is significantly higher

5   than the available recalculated Guideline range without the Career Offender enhancement;

6   Petitioner even argues he could be eligible upon resentencing for immediate release. *Id.* at 5.

7   Petitioner fails to address the Government's arguments as to Petitioner being bound to

8   recommend a 156-month sentence by the plea agreement.

9         The Court finds that, although the Court did not explicitly address at sentencing whether

10   the robbery, assault, or burglary predicates qualified as crimes of violence under the residual

11   clause, the Court cannot see how the robbery or assault convictions as presented to the Court

12   could have qualified under the elements or enumerated clauses given the case law cited by the

13   parties.  Petitioner is correct that robbery is not contained in the enumerated clause and that the

14   application notes are interpreting the now-unconstitutional residual clause.  Petitioner's robbery

15   conviction cannot qualify under the elements clause because a violation of the robbery statute at

16   issue does not require violent force. *See Packer*, *Ellingsworth*, *Navarro*, and *Perryman*, *supra*.

17   From a review of the record, the Court finds that the second degree assault conviction was

18   presented as just that to the court, without reference to the facts of that crime, or that Petitioner

19   was charged under the assault with a deadly weapon subsection.  Second degree assault cannot

20   qualify as a crime of violence without reliance on the residual clause for the reasons stated by

21   Petitioner.  The Court finds that with the robbery and assault no longer qualifying as predicate

22   crimes of violence, the Court would not have been able to rely on the Career Offender statute to

23   accept the sentence agreed to under the plea agreement in this case, that this has caused actual

24

1  prejudice by increasing the guidelines sentencing range available to and relied on by the Parties

2  in reaching the plea agreement, and that the error was not harmless.  Accordingly, the Court

3  finds that Petitioner's sentence was imposed in violation of the Constitution and he is entitled to

4  habeas relief under § 2255.

5                                    **IV.  CONCLUSION**

6          Having considered Petitioner's motion, Respondent's answer thereto, and the remainder

7  of the record, the Court hereby finds and ORDERS:

8      1.  Petitioner's Motion to Vacate or Correct Sentence under § 2255 (Dkt. #1) is

9          GRANTED.

10     2.  The Court VACATES and sets aside the Judgment in Case No. CR07-112RSM.

11     3.  The Court will resentence Petitioner, permit him to submit objections to his

12         Presentence Report pursuant to Federal Rule of Criminal Procedure 32(i)(1)(D), and

13         allow both sides to argue for an appropriate and lawful sentence, at a date to be

14         scheduled by the Court.

15     4.  The parties shall contact the Court's In-Court Deputies with their recommendations

16         and availability for an appropriate sentencing date for the Court's consideration.

17     5.  The Clerk of the Court is directed to forward a copy of this Order to Petitioner and

18         all counsel of record.

19      DATED this 9th day of December 2016.

20

21

22                          RICARDO S. MARTINEZ
                            CHIEF UNITED STATES DISTRICT JUDGE

23

24